I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 7-10-09

_M. Ramirez_
DEPUTY CLERK

FILED
CLERK, U.S. DISTRICT COURT

JUL 10 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY McINTOSH,<br><br>  Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>  Respondent. | NO. CV 09-4881 RGK (FMO)<br><br>**ORDER REQUIRING RETURN TO PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254)** |

Petitioner, a prisoner in state custody, has filed a Petition for Writ of Habeas Corpus ("Petition"). In order to facilitate the just, speedy and inexpensive determination of this action, IT IS ORDERED as follows:

1. The Clerk of Court shall promptly: (a) serve a copy of the present Petition, petitioner's executed consent to magistrate judge jurisdiction (if petitioner has filed such a consent), and this Order on respondent by delivering them to the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on petitioner. If respondent is also willing to consent to magistrate judge jurisdiction, the Attorney General shall execute and e-file the consent form concurrently with the filing of the initial response to the Petition.

2. Respondent shall serve and file its Certification as to Interested Parties (pursuant to Local Rule 7.1-1) and a Notice of Appearance no later than **July 24, 2009**, notifying the court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served, and the attorney's telephone and fax number. The information is important to assure accurate service of court documents.

3. If respondent contends that the Petition is *clearly subject to dismissal* without reaching the merits of petitioner's claims (e.g., because the Petition is time-barred or subject to dismissal under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts), respondent shall file a single Motion to Dismiss ("Motion") no later than thirty (30) days from the filing date of this Order.[1] Respondent shall lodge with the court all records pertinent to each claim addressed in the Petition at the time respondent files the Motion. **All grounds for dismissal must be included in the Motion, and the Motion must contain respondent's calculation of the statute of limitations, including any tolling periods** (even if respondent does not argue that the Petition is untimely). The filing of the Motion will stay the requirement to file a Return to the Petition pending the disposition of the Motion.

4. If respondent files a Motion to Dismiss, petitioner shall serve and file his or her Opposition within thirty (30) days from the service date of the Motion. Petitioner's Opposition shall: (a) state whether petitioner admits or denies each allegation of fact contained in the Motion to Dismiss; and (b) be limited to facts or contentions responsive to matters raised in the Motion to Dismiss. If petitioner contends that he or she is entitled to equitable tolling of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1), petitioner must so state in the Opposition; the court will not consider such claims withheld until after the issuance of the Report and Recommendation. The court also will not consider grounds for relief petitioner asserts for the first time in his or her Opposition to respondent's Motion to Dismiss. Petitioner is advised that failure

---

[1] Respondent **shall not** move to dismiss the Petition on the ground that: (1) the Petition is mixed, i.e., some claims are unexhausted; or (2) because petitioner's claims are allegedly procedurally defaulted.

to oppose a Motion to Dismiss may be construed as consent to the granting of the Motion and dismissal of the action. See Local Rule 7-12.

5. If respondent files a Motion to Dismiss, respondent's Reply Memorandum must be filed and served no later than twenty (20) days after petitioner files and serves his or her Opposition to the Motion.

6. If respondent does not contend that the Petition can be decided without reaching the merits of petitioner's claims, then respondent shall serve and file a Return to the Petition ("Return") no later than **September 8, 2009.** At the time the Return is filed, respondent shall lodge with the court all records pertinent to each claim addressed in the Petition and/or Return. If respondent contends that some or all of petitioner's claims are procedurally defaulted or unexhausted, respondent shall nevertheless address those claims on the merits in the alternative. Moreover, if respondent contends that petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, respondent shall: (1) specify in the Return the state remedies still available to petitioner; and (2) calculate the time remaining on the statute of limitations (even if respondent does not argue that the Petition is untimely).

7. Petitioner shall serve and file a single Reply to the Return ("Reply") no later than **November 9, 2009.** No Reply shall be longer than ten (10) pages except with leave of court for good cause shown. Petitioner's Reply shall: (a) state whether petitioner admits or denies each allegation of fact contained in the Return; and (b) be limited to facts or arguments responsive to matters raised in the Return. The court will not consider grounds for relief petitioner asserts for the first time in his or her Reply. Petitioner is advised that failure to file a Reply may result in the allegations of the Return being accepted as true pursuant to 28 U.S.C. § 2248.

8. A request by a party for an extension of time within which to file any of the pleadings required by this Order will be granted only upon a showing of good cause, and should be made in advance of the pleading's due date. Any party requesting an extension shall accompany the request with a declaration explaining why the extension is necessary, and shall lodge with the court a proposed form order granting the requested extension. The proposed order shall include proposed dates for all pleadings that remain to be filed as of the date the proposed order is

lodged (e.g., a proposed order which includes a date for the filing of a Return shall also include a date for the filing of the Reply).

9. Unless the court orders otherwise, this case will be deemed submitted, without oral argument, the day petitioner's Reply is filed, or due and not filed. In the event petitioner does not file an Opposition to a Motion to Dismiss, the Motion will be taken under submission on the day following the day the Opposition to the Motion was due. The court may order further briefing or other proceedings, at any time, as appropriate.

10. Every document delivered to the court must include a certificate of service attesting that the party has served a copy of such document on opposing counsel (or the opposing party, if such party is not represented by counsel). The court will return to the submitting party, and will not consider, any document delivered to the court without a certificate of service.

11. Petitioner shall, in a pleading served and filed with the court, immediately notify the court and respondent's counsel of any change of petitioner's address. If petitioner fails to keep the court informed of a current mailing address where petitioner may be contacted and served with papers, this action may be dismissed without prejudice for failure to prosecute. See Local Rule 41-6.

12. Pursuant to Rule 83-2.11 of the Local Rules of this Court, the parties and their attorneys shall not communicate with the judge or his staff by letter. All inquiries, requests or other matters to be called to the judge's attention regarding this case should be submitted for filing as a motion, application, or other appropriate pleading and a copy must be served on all other parties in the case.

13. Respondent shall notify any crime victim of any hearing, as appropriate, in accordance with 18 U.S.C. § 3771(b)(2).

14. The People of the State of California is not a proper respondent in this action and is hereby dismissed. Petitioner shall modify the case caption to reflect, as the proper respondents, "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as

appropriate." Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts advisory committee notes.

IT IS SO ORDERED.

Dated this __10__ day of July, 2009.

_____
Fernando M. Olguin
United States Magistrate Judge