1   EDMUND G. BROWN JR.
    Attorney General of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   PAMELA C. HAMANAKA
    Senior  Assistant Attorney General
4   SARAH J. FARHAT
    Deputy Attorney General
5   DAVID ZARMI
    Deputy Attorney General
6   State Bar No. 245636
     300 South Spring Street, Suite 1702
7    Los Angeles, CA  90013
     Telephone:  (213) 576-1336
8    Fax:  (213) 897-6496
     E-mail:  DocketingLAAWT@doj.ca.gov
9   *Attorneys for Respondent*

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14

15  **WESLEY McINTOSH,**                CV 09-4881 RGK (FMO)

16                        Petitioner,   **MOTION TO DISMISS PETITION
                                        FOR WRIT OF HABEAS CORPUS;**
17       **v.**                         **MEMORANDUM OF POINTS AND
                                        AUTHORITIES**
18  **THE PEOPLE OF THE STATE OF
    CALIFORNIA,**
19
                          Respondent.
20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3

Memorandum of Points and Authorities ............................................................. 2

4

Procedural History ............................................................................................... 2

Petitioner's Contentions ...................................................................................... 4

5

Argument .............................................................................................................. 6

6

    I.      The instant Petition should be dismissed for failure to name a proper respondent ........................................................................... 6

7

    II.    The instant petition should be dismissed because Petitioner failed to exhaust state remedies for any of the claims raised therein ............................................................................................ 7

8

9

          A.      California Supreme Court habeas petitions ............................... 7

          B.      Applicable law ........................................................................... 8

10

          C.      Petitioner failed to raise Grounds One through Four and Six through Ten to the California Supreme Court ................... 10

11

12

          D.      Petitioner failed to present the federal nature of Ground Five to the California Supreme Court ..................................... 11

13

          E.      Petitioner failed to present the federal nature of the claim raised in Ground Eleven before the California Supreme Court; that court rejected his claim on procedural grounds, regardless ................................................................ 12

14

15

Conclusion .......................................................................................................... 14

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

CASES

*Baldwin v. Reese*
    541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) ........................ 9

*Bowen v. Roe*
    188 F.3d 1157 (9th Cir. 1999) ........................................................... 14

*Brittingham v. United States*
    982 F.2d 378 (9th Cir. 1992) ............................................................. 6

*Casey v. Moore*
    386 F.3d 896 (9th Cir. 2004) ............................................................. 9

*Caspari v. Bohlen*
    510 U.S. 383, 114 S. Ct. 948, 127 L. Ed. 2d 236 (1994) .................... 14

*Castillo v. McFadden*
    399 F.3d 993 (9th Cir. 2005) ..................................................... 9, 11, 12

*Fields v. Waddington*
    401 F.3d 1018 (9th Cir. 2005) .......................................................... 11

*Gatlin v. Madding*
    189 F.3d 882 (9th Cir. 1999) ........................................................ 9, 12

*Gray v. Netherland*
    518 U.S. 152, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) ................. 9, 12

*Harris v. Superior Court*
    500 F.2d 1124 (9th Cir. 1974) ...................................................... 12, 14

*Houston v. Lack*
    487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) ................... 2

*In re Dexter*
    25 Cal. 3d 921, 160 Cal. Rptr. 118 (1979) ....................................... 3, 4

*In re Dixon*
    41 Cal. 2d 756, 264 P.2d 513 (1953) .......................................... 3, 12, 13

*In re Robbins*
    18 Cal. 4th 770, 77 Cal. Rptr. 2d 153 (1998) ................................... 13

1
2

# TABLE OF AUTHORITIES
## (continued)

Page

3

*In re Swain*
    34 Cal. 2d 300, 209 P.2d 793 (1949) ................................................................. 3

4

5

*In re Yurko*
    10 Cal. 3d 857, 112 Cal. Rptr. 513 (1974) .................................................... 13

6

*Jiminez v. Rice*
    276 F.3d 478 (9th Cir. 2001) ....................................................................... 9, 14

7

8

*McQuown v. McCartney*
    795 F.2d 807 (9th Cir. Cal. 1986) ................................................................ 13

9

10

*Ortiz-Sandoval v. Gomez*
    81 F.3d 891 (9th Cir. 1996) .......................................................................... 6

11

*Patterson v. Stewart*
    251 F.3d 1243 (9th Cir. 2001) ..................................................................... 14

12

13

*People v. Wende*
    25 Cal. 3d 436, 158 Cal. Rptr. 839 (1979) .................................................. 2

14

15

*Picard v. Connor*
    404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) ................................ 8

16

17

*Protsman v. Pliler*
    318 F. Supp. 2d 1004 (S.D. Cal. 2004) ...................................................... 13

18

19

*Rasberry v. Garcia*
    448 F.3d 1150 (9th Cir. 2006) .............................................................. 9, 10, 14

20

*Rose v. Lundy*
    455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ........................... 8

21

22

*Simpson v. California*
    2009 U.S. Dist. LEXIS 53389 (E.D. Cal. June 8, 2009) ........................... 6, 7

23

*Stanley v. California Supreme Court*
    21 F.3d 359 (9th Cir. 1994) ......................................................................... 6, 7

24

25

*Stillman v. Lamarque*
    319 F.3d 1199 (9th Cir. 2003) ..................................................................... 2

26

*Sweet v. Cupp*
    640 F.2d 233 (9th Cir. 1981) ....................................................................... 13

27

28

# TABLE OF AUTHORITIES
## (continued)

Page

*Tamalini v. Stewart*
    249 F.3d 895 (9th Cir. 2001) ........................................................................... 10

*Werts v. Vaughn*
    228 F.3d 178 (3d Cir. 2000) ............................................................................. 9

*Williams v. Craven*
    460 F.2d 1253 (9th Cir. 1972) .......................................................................... 9

*Wooten v. Kirkland*
    540 F.3d 1019 (9th Cir. 2008) .......................................................................... 8

*Younger v. Harris*
    401 U.S. 37. S. Ct. 746, 27 L. Ed. 2d 669 (1971) ............................................ 4

STATUTES

28 U.S.C.
    § 2244 ......................................................................................................... 6, 14
    § 2254 .................................................................................................... 1,6, 7, 8

Cal. Health & Saf. Code
    § 11352 ............................................................................................................. 2
    § 11364 ............................................................................................................. 2

COURT RULES

Cal. Rules of Court

    Rule 2 ........................................................................................................... 1, 6
    Rule 7-15 .......................................................................................................... 1

1          Respondent hereby files this Motion to Dismiss the Petition for Writ of

2    Habeas Corpus on the grounds that: (1) Petitioner has failed to name a proper

3    respondent (Rules Governing Section 2254 Cases, Rule 2(a)); and (2) all eleven of

4    Petitioner's claims are unexhausted (28 U.S.C. § 2254(b), (c)).

5          Pursuant to Local Rule 7-15, Respondent waives oral argument on this

6    motion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

## PROCEDURAL HISTORY

3
4
5
6
7

   Following a jury trial, Petitioner was convicted on February 26, 2008, of selling cocaine base (Cal. Health & Saf. Code § 11352(a)), and of possession of a narcotics smoking device (Cal. Health & Saf. Code § 11364(a)), in Los Angeles County Superior Court (case no. BA332501).  On February 29, 2008, Petitioner was sentenced to a term of three years in state prison.  (LD 1.)[1]

8
9
10
11
12
13
14
15
16
17

   On October 14, 2008, Petitioner's counsel filed a brief in the California Court of Appeal (case no. B206367) that did not assert any issues on appeal, pursuant to *People v. Wende*, 25 Cal. 3d 436, 158 Cal. Rptr. 839 (1979).  (LD 2.)  On November 25, 2008, Petitioner, in pro se, filed a supplemental opening brief in the California Court of Appeal.  (LD 3.)  On February 24, 2009, Petitioner filed an extended supplemental brief.  (LD 4.)  On March 26, 2009, the California Court of Appeal affirmed Petitioner's conviction in a reasoned, unpublished opinion.  (LD 5.)  On May 14, 2009, Petitioner, still in pro se, filed a petition for review (LD 6), which was denied without discussion or citation to authority on June 17, 2009 (LD 7).

18
19
20
21

   Prior to conviction, Petitioner constructively[2] filed a petition for writ of habeas corpus in the California Court of Appeal (case no. B204731) on December 11, 2007, which was denied without discussion or citation to authority on January 10, 2008.  (LD 8, 9.)

22
23
24
25
26
27
28

---

   [1] "LD" refers to the documents lodged with this Motion, as indexed in the Notice of Lodging.
   [2] Respondent will assume, without conceding, that the state petitions, prior federal habeas petitions, and the instant Petition, were delivered to prison authorities for mailing on the dates listed on proofs of service, where available, or on the dates they were verified if there is no proof of service.  *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *see also Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the "mailbox rule" a petitioner must be proceeding without the assistance of counsel, and moreover must deliver the petition to prison authorities for forwarding to the court within the limitations period).

1    Also prior to conviction, Petitioner constructively filed a petition for writ of
2    habeas corpus in the California Supreme Court (case no. S160473) on January 21,
3    2008, which was denied without discussion or citation to authority on February 13,
4    2008.  (LD 10, 11.)

5    Also prior to conviction, Petitioner constructively filed a second petition for
6    writ of habeas corpus in the California Court of Appeal (case no. B206040) on
7    February 24, 2008, which was denied without discussion or citation to authority on
8    March 4, 2008.  (LD 12, 13.)

9    After Petitioner was convicted and sentenced, but while his direct appeal was
10   still pending, Petitioner constructively filed a third petition for writ of habeas
11   corpus in the California Court of Appeal (case no. B206239) on March 3, 2008,
12   which was denied on procedural grounds on March 20, 2008.  (LD 14, 15.)

13   Also while his direct appeal was pending, Petitioner constructively filed a
14   second petition for writ of habeas corpus in the California Supreme Court (case no.
15   S161810) on March 12, 2008, which was denied with citation to *In re Dixon*, 41
16   Cal. 2d 756, 264 P.2d 513 (1953), on April 9, 2008.  (LD 16, 17.)

17   Also while his direct appeal was pending, Petitioner constructively filed a
18   fourth petition for writ of habeas corpus in the California Court of Appeal (case no.
19   B208529) on June 4, 2008, which was denied with citation to *In re Swain*, 34 Cal.
20   2d 300, 304, 209 P.2d 793 (1949), on June 19, 2008.  (LD 18, 19.)

21   Also while his direct appeal was pending, Petitioner constructively filed a
22   third petition for writ of habeas corpus in the California Supreme Court (case no.
23   S164919) on June 25, 2008, which was denied with citation to *In re Dexter*, 25 Cal.
24   3d 921, 160 Cal. Rptr. 118 (1979), on August 13, 2008.  (LD 20, 21.)

25   Also while his direct appeal was pending, Petitioner constructively filed a fifth
26   petition for writ of habeas corpus in the California Court of Appeal (case no.
27   B211472) on October 15, 2008, which was denied on November 6, 2008.  (LD 22,
28   23.)

1          Also while his direct appeal was pending, Petitioner constructively filed a

2    fourth petition for writ of habeas corpus in the California Supreme Court (case no.

3    S168319) on November 13, 2008, which was denied with citation to *Dexter*, 25

4    Cal. 3d 921, on December 23, 2008.  (LD 24, 25.)

5          Additionally, while his direct appeal was pending, Petitioner constructively

6    filed two petitions for writ of habeas corpus in this Court.  The first federal petition,

7    constructively filed on September 1, 2008, in case number CV 08-5796-RGK

8    (FMO), was summarily dismissed for lack of jurisdiction on September 22, 2008.

9    The second federal habeas petition, constructively filed on January 26, 2009, in

10   case number CV 09-00694-RGK (FMO) was dismissed without prejudice as

11   premature and under *Younger v. Harris*, 401 U.S. 37, 45-46, 91. S. Ct. 746, 27 L.

12   Ed. 2d 669 (1971), on February 13, 2009.

13         The Petition in the instant case was constructively filed on July 2, 2009.

14                                **PETITIONER'S CONTENTIONS**

15   1.    The prosecutor failed to preserve evidence, specifically the money used

16   to buy narcotics from Petitioner.  (Pet. at 5.)

17   2.    The trial court wrongly allowed the prosecutor to show the jury a picture

18   of the money used to buy narcotics from Petitioner without foundation and

19   prejudicially to Petitioner. (Pet. at 5.)

20   3.    The prosecutor failed to provide discovery regarding Secret Service

21   funds that an officer testified were used to buy narcotics from Petitioner.  Petitioner

22   alleges that "the undercover operation may have violated federal standards or

23   rules."  Furthermore, the trial court wrongly allowed the officer to testify that the

24   funds used were from the Secret Service when that testimony was not otherwise

25   verified.  (Pet. at 6.)

26   4.    The prosecutor called an expert witness who was not on his disclosed

27   witness list.  Additionally, the prosecutor failed to provide Petitioner with the

28

witness's proposed findings until the day she testified.  Petitioner was prejudiced as he did not have enough time to prepare for the witness.  (Pet. at 6.)

5.    The law library at the jail where Petitioner was held during trial lacked sufficient "legal information" to meaningfully assist Petitioner as a pro se defendant at trial.  (Pet. at 5a.)

6.    The prosecutor failed to provide discovery regarding surveillance equipment used during the undercover buy operation.  Petitioner was prejudiced as he was denied "an opportunity to prove a certain fact in a defensive standpoint." (Pet. at 5a.)

7.    The trial court failed to provide Petitioner with the funds to call his expert witnesses and inform them of the trial date until after the trial was completed.  (Pet. at 5a.)

8.    The evidence adduced at trial was insufficient to prove that Petitioner sold narcotics.  Specifically, the prosecutor and a Los Angeles Police Department officer stated that Petitioner did not sell or touch narcotics, and did not handle any money used to buy narcotics.  They also stated that Petitioner did not make a narcotics transaction or know either of his co-defendants.  (Pet. at 5a.)

9.    The prosecutor and another defense attorney intimidated Petitioner's witness by threatening him with a long prison sentence.  Furthermore, the trial court wrongly refused to allow the witness to introduce his or her affidavit into evidence. (Pet. at 5a.)

10.    The trial court prejudicially denied Petitioner's request for pinpoint jury instructions concerning aiding and abetting and entrapment law.  (Pet. at 5a.)

11.    The trial court failed to apprise Petitioner of his right to counsel at the preliminary hearing.  (Pet. at 5a.)

1

**ARGUMENT**

2

**I.    THE INSTANT PETITION SHOULD BE DISMISSED FOR
        FAILURE TO NAME A PROPER RESPONDENT**

3

4          The instant Petition should be dismissed, as Petitioner continues to fail to

5    name a proper respondent.  *See* 28 U.S.C. § 2244(d).  Petitioner appears to have

6    been released from state prison, as the mailing address listed on this Court's docket

7    is an outside address in the city of Los Angeles.  In the Petition, Petitioner names as

8    respondent, "The People of the State of California," but no state officer who

9    currently has custody of him.  This pleading defect gives rise to a lack of personal

10   jurisdiction over any officer of the State of California, and requires dismissal of the

11   Petition.

12         A habeas corpus petitioner must name as respondent the person having

13   custody of him.  *See generally* Rule 2(a), 28 foll. U.S.C. § 2254; *Ortiz-Sandoval v.*

14   *Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Brittingham v. United States*, 982 F.2d

15   378, 379 (9th Cir. 1992).  Typically, this person is "the warden of the facility in

16   which the petitioner is incarcerated."  *Stanley v. California Supreme Court*, 21 F.3d

17   359, 360 (9th Cir. 1994).  "Where a petitioner is on probation or parole, the proper

18   respondent is his probation or parole officer and the official in charge of the parole

19   or probation agency or state correctional agency."  *Simpson v. California*, 2009

20   U.S. Dist. LEXIS 53389 at *2 (E.D. Cal. June 8, 2009), citing *Stanley*, 21 F.3d at

21   360.  Failure to name the petitioner's custodian as a respondent deprives the federal

22   courts of personal jurisdiction and requires dismissal.  *Id.*

23         In the instant case, Petitioner has named only "The People of the State of

24   California," as the respondent.  This Court, having recognized that Petitioner failed

25   to name a proper respondent in the Order requiring Return to Petition for Writ of

26   Habeas Corpus filed on July 10, 2009, ordered Petitioner to modify the case caption

27

28

1    to reflect the proper respondent.  (CD 3 at ¶ 14.)[3]  A review of the docket in this

2    case reveals that Petitioner has not named a proper respondent to date.  Petitioner's

3    continuing failure to name a state officer having custody of him deprives the federal

4    courts of personal jurisdiction.  Accordingly, this Court should dismiss the Petition.

5    *Stanley*, 21 F.3d at 360; *Simpson*, 2009 U.S. Dist. LEXIS 53389 at *2.

6    **II.    THE INSTANT PETITION SHOULD BE DISMISSED BECAUSE
         PETITIONER FAILED TO EXHAUST STATE REMEDIES FOR
7        ANY OF THE CLAIMS RAISED THEREIN**

8        The instant Petition should also be dismissed because Petitioner failed to

9    exhaust state remedies for any of the claims presented in the Petition prior to its

10   filing as required by 28 U.S.C. § 2254(b).  As discussed below, Petitioner failed to

11   raise any claims in his petition for review, and only raised a possible two of his

12   current eleven claims in his California Supreme Court habeas petitions (Grounds

13   Five and Eleven).  Thus, Petitioner completely failed to raise Grounds One through

14   Four and Six through Ten before the California Supreme Court, and as to Grounds

15   Five and Eleven, failed to present the federal nature of the claims to the California

16   Supreme Court.

17        **A.    California Supreme Court Habeas Petitions**

18        In this case, Petitioner filed four petitions for writ of habeas corpus in the

19   California Supreme Court prior to the issuance of an opinion in his direct appeal

20   and his subsequent petition for review in the same court (one of which was filed

21   prior to his conviction).  (LD 10, 16, 20, 24.)

22        In California Supreme Court case number S160473, the petition raised two

23   claims.  First, Petitioner claimed that the law library in the jail where he was held

24   during the trial was inadequate for him to properly defend himself, pro se, at trial.

25   (LD 10 at 3.)  Second, Petitioner claimed that the jail conditions, especially the food

26   served, did not "meet federal standards."  (LD 10 at 4.)

27   _____

         [3] "CD" refers to the Clerk's Docket in the present proceedings; the number following
28   refers to the docket entry.

In case number S161810, the petition raised one claim.  Petitioner claimed that he had not been informed of his right to counsel at the preliminary hearing.  (LD 16 at 3-4.)

In case number S164919, the petition raised four claims.  First, Petitioner claimed that the California Department of Corrections ("CDC") was denying him access to the federal courts by failing to provide him with trust account documents necessary for the federal court to waive filing fees.  (LD 20 at 3.)  Second, Petitioner claimed that the "602 appeal process" was inadequate to meet his need to speak "with a counselor about business and personal matters that can't wait."  (LD 20 at 4.)  Third, Petitioner claimed that holding him in the Reception Center at the Lancaster prison was cruel and unusual punishment in violation of the Eight Amendment because he was imprisoned in a two-man cell all day without use of a telephone for up to ten months.  (LD 20 at 4a.)  Fourth, Petitioner claimed that the CDC's failure to provide him with wart medication was cruel and unusual punishment in violation of the Eight Amendment.  (LD 20 at 4b.)

In case number S168319, the petition raised one claim.  Petitioner claimed that the CDC had miscalculated his presentence credits and that his projected release date was three months later than it should have been.  (LD 24 at 3-4.)

**B.    Applicable Law**

Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in federal habeas corpus.  28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008).  To satisfy the state exhaustion requirement, the petitioner must fairly present his federal claims to the state's highest court.  *Rose v. Lundy*, 455 U.S. 509, 515, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on

1    which his contention is based. *See Gray v. Netherland*, 518 U.S. 152, 162-63, 116

2    S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th

3    Cir. 1999). Indeed, "fair presentation" requires that a petitioner expressly alert the

4    state's highest court to the federal basis of his claim by "citing in conjunction with

5    the claim the federal source of law on which he relies or a case deciding such a

6    claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v.*

7    *Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (finding

8    "ineffective assistance of appellate counsel" claim was not fairly presented to the

9    state's highest court because the petitioner did not properly alert the court to the

10    federal nature of the claim).

11         Moreover, "a state prisoner does not 'fairly present' a claim to a state court if

12    that court must read beyond a petition or a brief (or a similar document) that does

13    not alert it to the presence of a federal claim in order to find material, such as a

14    lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32; *accord*

15    *Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir. 2005); *Casey v. Moore*,

16    386 F.3d 896, 911-15 (9th Cir. 2004). Furthermore, the citation of a relevant

17    federal constitutional provision in relation to another claim does not satisfy the

18    exhaustion requirement. *Baldwin*, 541 U.S. at 33; *Castillo*, 399 F.3d at 1003

19    ("Exhaustion demands more than drive-by citation, detached from any articulation

20    of an underlying federal legal theory."). The petitioner has the burden of

21    demonstrating he has exhausted available state remedies. *Williams v. Craven*, 460

22    F.2d 1253, 1254 (9th Cir. 1972); *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir.

23    2000).

24         Once a federal court determines that a habeas petition contains only

25    unexhausted claims, the petition must be dismissed in its entirety. *Jiminez v. Rice*,

26    276 F.3d 478, 481 (9th Cir. 2001) ("Once [Respondent] moved for dismissal, the

27    district court was obliged to dismiss immediately, as the petition contained no

28    exhausted claims.") (quotation marks and citation omitted); *see Rasberry v. Garcia*,

448 F.3d 1150, 1154 (9th Cir. 2006).  The fact that a procedural bar might prevent the petitioner from returning to state court for a ruling on the merits of his unexhausted claim "in no way nullifies the fact that he had an adequate state remedy that has not been exhausted."  *Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

### C.    Petitioner Failed to Raise Grounds One through Four and Six through Ten to the California Supreme Court

Here, Petitioner's only presentation of Grounds One through Four and Six through Ten to the California courts was on direct appeal.  (LD 4.)  Those claims were denied in an unpublished opinion issued by the California Court of Appeal. (LD 5.)  However, in his petition for review to the California Supreme Court, Petitioner failed to make any arguments.[4]  Instead, Petitioner asked the California Supreme Court "to review all the issues previously raised in his Supplemental brief [sic] or Appeal Brief to the 2nd Appellate Court . . . ."  (LD 6 at 3.)  Under the argument heading Petitioner wrote, "This Court should Grant Review in this case." (LD 6 at 5.)  At no point in the petition for review did Petitioner set forth any federal claims, nor did he cite any federal law.

Although Petitioner stated in his petition for review that he lacked "legal materials" and did not have access to a law library (LD 6 at 3), that would not have prevented Petitioner from properly presenting his federal claims to the California Supreme Court (either in a supplemental petition for review or in an additional petition for writ of habeas corpus) in order to fairly present his federal claims and exhaust his state remedies, once he obtained access to those materials (as he

---

[4] Petitioner did list nine points of contention with the Court of Appeal's opinion, described by Petitioner as "inaccurate."  (*See* LD 6 at 3-5.)  These points of contention did not raise the claims now raised in Grounds One through Four and Six through Ten, and did not alert the California Supreme Court to any federal issues.

10

1    apparently did in order to file the instant Petition less than a month after his petition

2    for review was denied).

3        As laid out in Argument II(A), above, the earlier petitions for writ of habeas

4    corpus that Petitioner filed with the California Supreme Court only raised a possible

5    two out of his current eleven claims (Grounds Five and Eleven, which will be

6    discussed below in Argument II(D) and (E)).  The remainder of his claims were not

7    mentioned in any California Supreme Court petition for post-conviction relief.

8    Instead, Petitioner asked the California Supreme Court to look beyond "the four

9    corners" of his petition to briefs he filed in the lower appellate court.  As such, none

10    of his claims were fairly presented to the California Supreme Court.  *Castillo*, 399

11    F.3d at 999-1000.  Accordingly, Petitioner has failed to exhaust his state remedies

12    as to Grounds One through Four and Six through Ten.

13    **D.    Petitioner Failed to Present the Federal Nature of Ground Five**
          **to the California Supreme Court**

14
15        In Ground Five of the Petition, Petitioner alleges that the law library at the jail

16    where he was held during his trial was inadequate to allow him to properly defend

17    himself.  (Pet. at 5a.)  Appellant raised a similar claim in a petition for writ of

18    habeas corpus to the California Supreme Court in case number S160473, which was

19    denied without discussion or citation to authority.  (LD 10 at 3; LD 11.)  Although

20    under "[s]upporting cases, rules, or other authority," Petitioner included "Fed.

21    Rules and Regulations" (LD 10 at 3), mention of federal rules and regulations

22    without more does not give a court fair notice of an alleged violation of Petitioner's

23    constitutional rights.  "In order to alert the state court, a petitioner must make

24    reference to provisions of the federal Constitution or must cite either federal or state

25    case law that engages in a federal constitutional analysis."  *Fields v. Waddington*,

26    401 F.3d 1018, 1021 (9th Cir. 2005) (rejecting petition as unexhausted despite

27    petitioner's mention of "federal Constitution" twice in state habeas petition).

28

11

1   Moreover, the mention of federal rules and regulations, "divorced from any

2   articulated federal legal theory," *Castillo*, 399 F.3d at 1002, did not fairly alert the

3   California Supreme Court to the federal nature of his claim.  Petitioner failed to

4   articulate how the alleged inadequacy of the county jail law library violated his

5   federal constitutional rights.  "[F]or purposes of exhausting state remedies, a claim

6   for relief in habeas corpus must include reference to a specific federal constitutional

7   guarantee . . . ." *Gray*, 518 U.S. at 162-63; *Gatlin*, 189 F.3d at 888.  As laid out

8   above, Petitioner did not raise this claim in any of his other California Supreme

9   Court habeas petitions or in his petition for review in the same court.  (*See*

10  *generally* LD 6, 16, 20, 24.)  Accordingly, Petitioner has failed to exhaust his state

11  remedies as to Ground Five.

12  **E.    Petitioner Failed to Present the Federal Nature of the Claim**
13  **Raised in Ground Eleven before the California Supreme Court;**
    **That Court Rejected His Claim on Procedural Grounds,**
14  **Regardless**

15  In Ground Eleven of the Petition, Petitioner alleges that he was not informed

16  of his right to counsel at the preliminary hearing.  (Pet. at 5a.)  Petitioner raised a

17  similar claim in a petition for writ of habeas corpus to the California Supreme Court

18  in case number S161810, which was denied with citation to *In re Dixon*, 41 Cal. 2d

19  756.  (LD 16 at 3; LD 17.)  However, Petitioner failed to cite any federal case law

20  or constitutional provision in support of his claim.  Instead, he cited only state

21  statutes and case law.  (*See* LD 16 at 3.)

22  Furthermore, a claim denied as procedurally deficient, either explicitly or by

23  citation of authority, does not exhaust the claim.  *Harris v. Superior Court*, 500

24  F.2d 1124, 1126, 1128 (9th Cir. 1974).  A claim is procedurally deficient when it is

25  denied on procedural grounds that can be cured.  Because state remedies remain

26  available, the claim is unexhausted.  "If a state court denies a petition for post

27  conviction relief on procedural grounds, the petitioner has not exhausted his state

28  remedies.  He can still use the proper procedure, thus giving the state court the first

12

1 opportunity to rule on the merits of his federal claims." *Id.* at 1126.  *See Sweet v.*
2 *Cupp*, 640 F.2d 233, 237-38 (9th Cir. 1981); *McQuown v. McCartney*, 795 F.2d
3 807, 810 (9th Cir. Cal. 1986).  The California Supreme Court's citation to *Dixon*
4 indicates that Petitioner should have brought his claim on direct appeal, and is a
5 valid procedural bar in the Ninth Circuit.  *Protsman v. Pliler*, 318 F. Supp. 2d 1004,
6 1006-08 (S.D. Cal. 2004), citing *Bennett v. Mueller*, 322 F.3d 573, 581-82 (9th Cir.
7 2003); *In re Robbins*, 18 Cal. 4th 770, 811-12, 815, 77 Cal. Rptr. 2d 153 (1998).

8        Here, the California Supreme Court denied Petitioner's state habeas petition
9 on April 9, 2008 (LD 17), with citation to *In re Dixon*, 41 Cal. 2d 756.  Although
10 denials based on failure to raise a claim on direct appeal are usually considered
11 procedurally defaulted and exhausted, as opposed to procedurally deficient and
12 unexhausted, that is only because in such a case, "[t]hat defect cannot be cured."
13 *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (discussing California
14 Supreme Court postcard denial citation to *In re Yurko*, 10 Cal. 3d 857, 112 Cal.
15 Rptr. 513 (1974), precluding review of speedy trial contention not raised on
16 appeal).  However, here, the California Supreme Court petition was filed and
17 denied before any briefs had been filed in the direct appeal.  Thus, the claim was
18 procedurally because Petitioner could have still raised it on direct appeal; there was
19 a state remedy that remained available.  In fact, it was seven months before any
20 briefs were filed in Petitioner's direct appeal (LD 2), and eleven months before
21 Petitioner constructively filed his final extended supplemental brief on direct appeal
22 on February 24, 2009 (LD 4).  Petitioner subsequently chose not to include this
23 claim in his direct appeal briefs, and never cured the procedural deficiency.  (*See*
24 *generally* LD 3, 4.)  As laid out above, Petitioner also did not raise this claim in any
25 of his other California Supreme Court habeas petitions or in his petition for review
26 in the same court.  (*See generally* LD 6, 10, 20, 24.)

27        Petitioner was given an opportunity to cure the procedural deficiency and to
28 allow the California Supreme Court to hear his claim on the merits in a direct

13

1  appeal and petition for review.  He failed to do so.  Accordingly, Petitioner has

2  failed to exhaust his state remedies as to Ground Eleven.   *Harris*, 500 F.2d at 1126.

3

4  As Petitioner has failed to exhaust his state remedies as to all eleven grounds

5  of his Petition, this Court must dismiss the Petition.[5]  *Jiminez*, 276 F.3d at 481;

6  *Rasberry*, 448 F.3d at 1154.

7  **CONCLUSION**

8  Accordingly, Respondent respectfully requests this Court dismiss the instant

9  Petition for Writ of Habeas Corpus.

10

11

12  Dated:  November 23, 2009                    Respectfully submitted,

13                                               EDMUND G. BROWN JR.
                                                 Attorney General of California
14                                               DANE R. GILLETTE
                                                 Chief Assistant Attorney General
15                                               PAMELA C. HAMANAKA
                                                 Senior  Assistant Attorney General
16                                               SARAH J. FARHAT
                                                 Deputy Attorney General

17

18                                               /s/ David Zarmi
                                                 DAVID ZARMI
19                                               Deputy Attorney General
                                                 *Attorneys for Respondent*
20

21  LA2009603511
    60494657.doc

22

23      _____
            [5] Petitioner has until September 15, 2010, to file a federal petition for writ of habeas
24  corpus in this Court.  The California Supreme Court denied Petitioner's petition for review on
    June 17, 2009, (LD 7), and there is no indication Petitioner filed a petition for writ of certiorari.
25  Consequently, his conviction became final ninety days later, on September 15, 2009.  *Bowen v.
    Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *see also Caspari v. Bohlen*, 510 U.S. 383, 390, 114
26  S. Ct. 948, 127 L. Ed. 2d 236 (1994).  All of Petitioner's state court habeas petitions were filed
    and denied before his conviction became final and the statute of limitations began to run; thus,
27  they had no effect on the statute of limitations.  Therefore, the last date for Petitioner to file a
    properly exhausted federal petition is September 15, 2010, one year after the judgment became
28  final.  28 U.S.C. § 2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

# CERTIFICATE OF SERVICE

Case Name:    **Wesley McIntosh v. The People**          No.    **CV 09-4881 RGK (FMO)**
                    **of the State of California**

I hereby certify that on <u>December 7, 2009</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;
MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 7, 2009</u>, I have mailed the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Wesley McIntosh
CDC # G-25074
239 E. 7th Street
Los Angeles, CA 90014

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>December 7, 2009</u>, at Los Angeles, California.

_____                    _____
          Mary Emami
          Declarant                                          Signature

60454513.doc
LA2009603511