1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**
8               **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  WESLEY McINTOSH,                     ) | NO. CV 09-4881 RGK (FMO) |
| 11                      Petitioner,      ) | |
| 12         v.                            ) | **REPORT AND RECOMMENDATION OF** |
| 13  THE PEOPLE OF THE STATE OF           ) | **UNITED STATES MAGISTRATE JUDGE** |
|      CALIFORNIA,                         ) | |
| 14                                       ) | |
|                         Respondent.      ) | |
| 15  _____ ) | |

16          This Report and Recommendation is submitted to the Honorable R. Gary Klausner, United

17   States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of

18   the United States District Court for the Central District of California.

19                               **INTRODUCTION**

20          On July 8, 2009, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus

21   by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.  On December 7, 2009,

22   respondent filed a Motion to Dismiss the Petition ("Motion"), asserting that petitioner failed to name

23   a proper respondent or exhaust his state remedies as to all grounds raised in the Petition.

24   Petitioner filed an Opposition to the Motion ("Opposition") on February 22, 2010.  Respondent filed

25   a Reply to the Opposition ("Reply") on March 12, 2010.

26          The court has considered all the briefing filed with respect to respondent's Motion.  For the

27   reasons set forth below, it is recommended that the Petition be dismissed without prejudice as

28   completely unexhausted.

**PRIOR PROCEEDINGS**

On February 26, 2008, after a jury trial in Los Angeles County Superior Court (Case No. BA332501), petitioner was convicted of selling cocaine base (Cal. Health & Safety Code § 11352(a)) and possession of drug paraphernalia (Cal. Health & Safety Code § 11364(a)).  (See Petition at 2; Lodgment No. 1; Lodgment No. 5 at 2 & 7).  On February 29, 2008, the trial court sentenced petitioner to a term of three years in state prison.  (See Petition at 2; Lodgment No. 1; Lodgment No. 5 at 7).

Petitioner subsequently appealed his conviction to the California Court of Appeal. (See Lodgment Nos. 2-5); California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov (indicating that petitioner filed a notice of appeal on March 12, 2008).  On October 14, 2008, petitioner's appointed counsel filed an opening appellate brief pursuant to People v. Wende, 25 Cal.3d 436 (1979).[1]  (See Petition at 3; Lodgment No. 2). Petitioner filed a Supplemental Brief on November 25, 2008, and an "Extended Supplemental Brief" on February 24, 2009.  (Lodgment Nos. 3 & 4).  Thereafter, in an unpublished opinion filed on March 26, 2009, the court of appeal affirmed petitioner's conviction.  (Lodgment No. 5 at 2 & 13).  Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment or citation to authority on June 17, 2009.  (Lodgment Nos. 6 & 7).

Prior to his conviction and imposition of sentence, petitioner filed a series of petitions for writ of habeas corpus in the state courts.  On January 4, 2008, petitioner filed a habeas petition in the California Court of Appeal.  (Lodgment No. 8).  The court of appeal denied the petition on January 10, 2008.  (Lodgment No. 9).  On January 30, 2008, petitioner filed a habeas petition in the California Supreme Court, which was denied on February 13, 2008.  (Lodgment Nos. 10 & 11).  Petitioner then filed a habeas petition in the court of appeal, which was denied on March 4, 2008. (Lodgment Nos. 12 & 13).

---

[1] Pursuant to People v. Wende, 25 Cal.3d 436 (1979), the court of appeal is required to conduct an independent review of the record where appellate counsel submits "a brief which raises no specific issues or describes the appeal as frivolous."  Id. at 441.

2

1   Just as he did while his trial and sentencing were pending, petitioner filed a series of

2   habeas petitions in the state courts while his direct appeal was pending.  On March 7, 2008,

3   petitioner filed a habeas petition in the California Court of Appeal, which was denied on March 20,

4   2008. (See Lodgment Nos. 14 & 15).  On March 17, 2008, petitioner filed a habeas petition in the

5   California Supreme Court, which was denied on April 9, 2008, with a citation to In re Dixon, 41

6   Cal.2d 756 (1953).  (Lodgment Nos. 16 & 17).  Petitioner filed a habeas petition in the court of

7   appeal on June 13, 2008, which was denied on June 19, 2008, on the ground that "petitioner [had]

8   failed to allege sufficient facts to justify relief."  (Lodgment Nos. 18 & 19 (citing In re Swain, 34

9   Cal.2d 300, 304 (1949)).  On July 7, 2008, petitioner filed a habeas petition in the California

10  Supreme Court, which was denied on August 13, 2008, with a citation to In re Dexter, 25 Cal.3d

11  921 (1979).  (Lodgment Nos. 20 & 21).  Petitioner then filed a habeas petition in the court of

12  appeal on October 21, 2008.  (Lodgment No. 22).  The court of appeal denied the petition on

13  November 6, 2008, directing the clerk to send a copy of the petition and the order denying the

14  petition to petitioner and his appointed counsel.  (Lodgment No. 23).  On November 17, 2008,

15  petitioner filed his final state habeas petition in the California Supreme Court.  (Lodgment No. 24).

16  The petition was denied on December 23, 2008, with a citation to In re Dexter, 25 Cal.3d 921

17  (1979).  (Lodgment No. 25).

18  Petitioner also filed two federal petitions for writ of habeas in this Court while his direct

19  appeal was pending.  On September 5, 2008, petitioner filed a Petition for Writ of Habeas Corpus

20  by a Person in State Custody, pursuant to 28 U.S.C. § 2254.  (See Wesley McIntosh v. Brian

21  Haws, Warden, Case No. CV 08-5796 RGK (FMO)).  On September 22, 2008, the Court

22  summarily dismissed the petition without prejudice on the grounds that it did not "(a) state any

23  claims for federal habeas relief; or (b) include information from which a court could determine

24  whether petitioner ha[d] exhausted available administrative and judicial court remedies."  (See

25  Wesley McIntosh v. Brian Haws, Warden, Case No. CV 08-5796 RGK (FMO), Judgment & Order

26  Re: Summary Dismissal of Action for Lack of Jurisdiction at 2 & 3).

27  On January 29, 2009, petitioner filed his second Petition for Writ of Habeas Corpus by a

28  Person in State Custody in this Court.  (See Wesley McIntosh v. California Department of

1    _Corrections_, Case No. CV 09-0694 RGK (FMO)).  On February 13, 2009, the Court dismissed the

2    petition without prejudice under the criteria set forth in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S.Ct.

3    746 (1971), and because the petition was premature.  (<u>See</u> <u>Wesley McIntosh v. California</u>

4    <u>Department of Corrections</u>, Case No. CV 09-0694 RGK (FMO), Judgment & Order of Dismissal

5    Without Prejudice at 2-5).

6         Petitioner filed the instant Petition on July 8, 2009.

7                          **<u>PETITIONER'S CONTENTIONS</u>**

8         In his Petition, petitioner challenges his conviction, (Petition at 2), and raises the following

9    claims:

10        1.    The prosecutor failed to preserve the "marked/buy money" evidence used during the

11   drug transaction with petitioner.  (<u>See</u> <u>id.</u> at 5).

12        2.    The trial court erred in allowing the prosecutor to show the jury a picture of the

13   money used during the drug transaction.  (<u>See</u> <u>id.</u>).

14        3.    The prosecutor failed to provide discovery regarding Secret Service funds that

15   Officer Rudy Gonzalez testified were used during the undercover operation and the trial court

16   erred in allowing Officer Gonzalez to make an unverifiable statement.  "Thus, the undercover

17   operation may have violated federal standards or rules."  (<u>See</u> <u>id.</u> at 6).

18        4.    The prosecutor failed to disclose an expert witness on his witness list or provide the

19   defense with the expert witness's proposed findings regarding a chemical test until the day the

20   expert was called to testify.  The expert witness's testimony was hearsay, as it concerned a test

21   performed by another chemist.  Petitioner was prejudiced because he did not have enough time

22   to prepare for the witness.  (<u>See</u> <u>id.</u>).

23        5.    The law library of the jail in which petitioner was held during trial "lacked sufficient

24   competent legal information to meaningfully assist [him]" as a <u>pro</u> <u>se</u> defendant at trial.  (<u>See</u> <u>id.</u>

25   at 5(a)).

26        6.    The prosecutor failed to provide discovery regarding surveillance equipment used

27   during the undercover operation.  (<u>See</u> <u>id.</u>).

28

7.     The trial court failed to provide petitioner with the funds he needed to call his expert witnesses and failed to inform them of the trial date.  (See id.).

8.     The evidence was insufficient to prove that petitioner sold any drugs.  (See id.).

9.     The prosecutor and a defense attorney intimidated petitioner's witness by threatening him with a lengthy prison sentence.  The trial court refused to allow the witness to introduce his or her affidavit into evidence.  (See id.).

10.    The trial court erred in denying petitioner's request for pinpoint jury instructions concerning entrapment and aiding and abetting.  (See id.).

11.    Petitioner was "illegally committed" because the trial court failed to advise petitioner of his right to counsel when he testified at his preliminary hearing.  (See id.).

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a court may grant a petition for writ of habeas corpus with respect to a person incarcerated pursuant to a state court judgment only if "he is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), and "has exhausted the remedies available in the courts of the State[.]"  Id. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims to the highest state court available, either on direct appeal or through collateral proceedings.  Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005); Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003); Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002); Roberts v. DiCarlo, 296 F.Supp.2d 1182, 1186-87 (C.D. Cal. 2003).  In addition, "[t]o exhaust a federal claim in state court, a prisoner must 'give state courts a fair opportunity to act on his claims.'"  Sanders v. Ryder, 342 F.3d 991, 998-99 (9th Cir. 2003), cert. denied, 541 U.S. 956, 124 S.Ct. 1661 (2004) (italics in original) (brackets omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732 (1999)); see also Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) ("exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks, brackets and citation omitted).

5

The United States Supreme Court addressed the "fair presentation" requirement in Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347 (2004). Specifically, the Supreme Court held "that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id. at 32, 124 S.Ct. at 1351. The Court further stated that a "litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id.; accord Davis v. Silva, 511 F.3d 1005, 1011 (9th Cir. 2008); see also Casey v. Moore, 386 F.3d 896, 912 n. 13 (9th Cir. 2004), cert. denied, 125 S.Ct. 2975 (2005) ("For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues.").

It is not enough that all of the facts necessary to support the federal claim were before the state court or that a similar state law claim was made. Duncan, 513 U.S. at 366, 115 S.Ct. at 888 ("mere similarity of claims is insufficient to exhaust[]"). "Fair presentation requires that the petitioner must present 'both the operative facts and the federal legal theory on which his claim is based' to the state court." Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (quoting Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir.), cert. denied, 538 U.S. 1042, 123 S.Ct. 2094 (2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007)). In other words, "[i]f a party wants a state court to decide whether [he] was deprived of a federal constitutional right, [he] has to say so. It has to be clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." Galvan v. Alaska Dept. of Corrections, 397 F.3d 1198, 1204 (9th Cir. 2005).

Broadly construing the claims set forth in the Petition, the court is persuaded that none of the claims were fairly presented to the California Supreme Court. First, in his petition for review, petitioner requested that the California Supreme Court "review all the issues previously raised in

1  [petitioner's] [S]upplemental [B]rief or appeal brief to the 2nd Appellate Court[.]"  (See Lodgment

2  No. 6 at 3).  Although petitioner presented claims in his Supplemental Brief to the California Court

3  of Appeal ("Supplemental Brief") similar to those raised in the instant Petition, (compare Petition

4  at 5-6 with Lodgment No. 3 at 1-7), he did not fairly present the claims in his Supplemental Brief

5  to the California Supreme Court.  As stated above, "a state prisoner does not 'fairly present' a

6  claim to a state court if that court must read beyond a petition or a brief (or a similar document)

7  that does not alert it to the presence of a federal claim in order to find material, such as a lower

8  court opinion in the case, that does so."  Baldwin, 541 U.S. at 32, 124 S.Ct. at 1351; accord

9  Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir.), cert. dismissed, 129 S.Ct. 621 (2008), and

10  cert. denied, 129 S.Ct. 2771 (2009); see also Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir.,

11  as amended Feb. 24, 2005), cert. denied, 546 U.S. 818, 126 S.Ct. 348 (2005) ("To exhaust his

12  claim, Castillo must have presented his federal, constitutional issue before the Arizona Court of

13  Appeals within the four corners of his appellate briefing.").  Here, there is nothing in the record to

14  indicate that petitioner attached his Supplemental Brief to his petition for review.  (See, generally,

15  Lodgment No. 6 at 1-6).  Merely stating that petitioner wished to appeal the issues he had raised

16  in his Supplemental Brief to the California Court of Appeal was, under the circumstances here,

17  insufficient to alert the California Supreme Court of the presence of a federal claim.  See Wooten,

18  540 F.3d at 1025 ("a petitioner does not fairly present an issue for exhaustion purposes when the

19  appellate judge can only discover the issue by reading a lower court opinion in the case") (internal

20  quotation marks and citation omitted); Gatlin v. Madding, 189 F.3d 882, 888-89 (9th Cir. 1999),

21  cert. denied, 528 U.S. 1087, 120 S.Ct. 815 (2000) (rejecting petitioner's argument that his petition

22  for review incorporated by reference the constitutional arguments raised in his brief to the

23  California Court of Appeal because the California Rules of Court prohibit incorporation by

24  reference of authorities or argument from another document and, therefore, a court on federal

25  habeas review may not rely in them in determining whether the petitioner has exhausted his state

26  court remedies); Snodgrass v. Curry, 2010 WL 329965, at *3 (N.D. Cal. 2010) ("Based on [the

27  California Rules of Court], the Court concludes that the California Supreme Court, in deciding

28  whether the petition for review had merit, would not have relied on arguments that were made by

7

1  petitioner in his appellate brief but not in his petition for review.  Consequently, the Court, in

2  deciding whether petitioner's claims were fairly presented to the Supreme Court, will consider

3  petitioner's claims only as they were expressly presented in the petition for review."); see also

4  California Rule of Court 8.504(e)(3) ("No incorporation by reference is permitted except a

5  reference to a petition, an answer, or a reply filed by another party in the same case or filed in a

6  case that raises the same or similar issues and in which a petition for review is pending or has

7  been granted.").

8       Further, the petition for review does not raise any federal grounds for relief nor cite any

9  federal constitutional or statutory authority.  (See, generally, Lodgment No. 6 at 3-6); see Baldwin,

10  541 U.S. at 32, 124 S.Ct. at 1351.  Nor does the petition for review cite or rely upon any cases that

11  decided any of petitioner's claims on federal grounds.  See Baldwin, 541 U.S. at 32, 124 S.Ct. at

12  1351; Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir.), cert. denied, 546 U.S. 1037, 126 S.Ct.

13  738 (2005) ("In order to alert the state court [that his claims rest on the federal Constitution], a

14  petitioner must make reference to provisions of the federal Constitution or must cite either federal

15  or state case law that engages in a federal constitutional analysis."); see also Casey, 386 F.3d at

16  912 n. 13 ("For a federal issue to be presented by the citation of a state decision dealing with both

17  state and federal issues relevant to the claim, the citation must be accompanied by some clear

18  indication that the case involves federal issues.").

19       Second, petitioner's habeas petitions filed in the California Supreme Court did not fairly

20  present any of the claims raised in the instant Petition.  Specifically, in his first habeas petition,

21  petitioner claimed that the law library at the Los Angeles County Sheriff's Men's Central Jail was

22  inadequate and "[t]he Los Angeles Sheriff Dept. . . . purposely destroy[ed] any chance for an

23  inmate who goes pro-per to have any type of chance of winning a case." (Lodgment No. 10 at 3).

24  He complained that there were "no books to study and research from[,]" and there was only a "2nd

25  hand computer that [was] missing a lot of information[ and] no librarian on hand [to instruct] on

26  how to operate the computer." (Id.).  In the "Supporting cases, rules or other authority" portion of

27  the habeas petition, petitioner simply cited "Fed[eral] Rules and Regulations." (Id.).  However,

28  petitioner's general reference to "Fed[eral] Rules and Regulations" is insufficient to exhaust the

1   federal claim.[2]  See Fields, 401 F.3d at 1021 ("Petitioner's mere mention of the federal Constitution

2   as a whole, without specifying an applicable provision, or an underlying federal legal theory, does

3   not suffice to exhaust the federal claim."); Castillo, 399 F.3d at 1003 ("Exhaustion demands more

4   than drive-by citation, detached from any articulation of an underlying federal legal theory."); see

5   also Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 2081 (1996) ("[F]or purposes of

6   exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific

7   federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to

8   relief."); Insyxiengmay, 403 F.3d at 668 ("In this circuit, the petitioner must make the federal basis

9   of the claim explicit either by specifying particular provisions of the federal Constitution or statutes,

10  or by citing to federal case law.").

11          Petitioner's second California Supreme Court habeas petition also does not contain any

12  federal claims.  Therein, petitioner claims that the trial court did not advise him of his right to

13  counsel during the preliminary hearing or before he testified at the hearing.  (See Lodgment No.

14  16 at 3 & 4).  Petitioner supports his claim with citations to various sections of the California

15  Constitution, the California Penal Code and the California Court of Appeal's decision in McCarthy

16  v. Superior Court in and for Contra Costa County, 162 Cal.App.2d 755 (1958).  (See id. at 3)

17  (referring to "West's Ann. Pen. C. 858, 859, 866.5.  Ann. Const. Art. I §§ 8, 13[,]" "McCarthy v.

18  Superior Court, 162 CA 2d 755, 328 P.2d 819" and "Penal Code 866.5").  However, petitioner did

19  not indicate the federal nature of his state habeas claim by labeling it "federal," or by citing a

20

21

22          [2] In any event, this claim is not cognizable on habeas review as it does not relate to the
23  legality of his conviction or sentence.  See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62,
    68, 112 S.Ct. 475, 480 (1991) ("In conducting habeas review, a federal court is limited to deciding
24  whether a conviction violated the Constitution, laws, or treaties of the United States.").  Rather,
    the claim appears to be a civil rights claim relating to petitioner's First Amendment right of access
25  to the courts.  See, e.g., Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977) (holding,
26  in an action under 42 U.S.C. § 1983, that "the fundamental constitutional right of access to the
    courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal
27  papers by providing prisoners with adequate law libraries"); Sands v. Lewis, 886 F.2d 1166, 1171
    (9th Cir. 1989) (allegations of a denial of adequate law libraries or legal assistance may state a
28  claim for violation of the right of access to the courts under 42 U.S.C. § 1983).

federal source of law or a case that decided such a claim on federal grounds.[3]  See Baldwin, 541 U.S. at 32, 124 S.Ct. at 1351 ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"); Fields, 401 F.3d at 1021 ("In order to alert the state court [that his claims rest on the federal Constitution], a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."); Galvan, 397 F.3d at 1205 ("To exhaust a federal constitutional claim in state court, a petitioner has to have, at the least, explicitly alerted the court that [he] was making a federal constitutional claim."); cf. Fields, 401 F.3d at 1022 ("When a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim.").  Finally, petitioner's final two California Supreme Court habeas petitions did not raise any of the claims raised in the instant Petition.  (Compare Petition at 5-6 with Lodgment No. 20 at 3-4B and Lodgment No. 24 at 3-4).

In short, the court is persuaded that petitioner has not fairly presented any of the claims set forth in the Petition to the California Supreme Court.  Since the Petition contains no exhausted claims, dismissal is appropriate.[4]  See Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949, 123 S.Ct. 1627 (2003) (where petition contained no exhausted claims, the district court was "obliged to

---

[3] In McCarthy, the California Court of Appeal relied on the California Constitution, California Penal Code §§ 858, 859 and 866.5 and state case law in finding that the defendant had been illegally committed because he had not been advised of his right to counsel at the preliminary hearing.  See 162 Cal.App.2d at 757-58.

[4] Due to the court's recommendation that petitioner's Petition be dismissed without prejudice as completely unexhausted, it is unnecessary to address respondent's argument that the Petition should be dismissed for failure to name a proper respondent.  (See Motion at 6-7).

dismiss [the petition] immediately") (internal quotation marks and citation omitted); see also Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust."). Accordingly, the Petition should be dismissed without prejudice so that petitioner may exhaust his claims in state court.[5]

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A) (as amended). A COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183, 116 S.Ct. 1588 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1601.

Based on the foregoing, the court has determined that the Petition should be dismissed without prejudice because it is completely unexhausted. Given the fact that the Petition is clearly

---

[5] The court makes no finding as to whether petitioner will be entitled to equitable tolling for the period in which the Petition was pending in this court should he file a subsequent federal habeas petition after exhausting his claims in state court. The Ninth Circuit still has not "decided whether AEDPA's one-year statute of limitations is subject to equitable tolling to account for the period when a timely filed but completely unexhausted federal habeas petition waits for a ruling from the district court." Fail v. Hubbard, 315 F.3d 1059, 1061 (9th Cir. 2001).

1  unexhausted, petitioner cannot make the requisite showing that "jurists of reason would find it

2  debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 478,

3  120 S.Ct. at 1601.  Accordingly, the court recommends that a COA be denied with respect to the

4  instant Petition.

5        **This Report and Recommendation is not intended for publication.  Nor is it intended**

6  **to be included or submitted to any online service such as Westlaw or Lexis.**

7                                      **<u>RECOMMENDATION</u>**

8        Based on the foregoing, IT IS RECOMMENDED that the District Court issue an Order:

9        (1)    Accepting and adopting this Report and Recommendation;

10        (2)    **Granting** respondent's Motion to Dismiss **(Document No. 14)**;

11        (3)    Directing that Judgment be entered dismissing this action without prejudice; and

12        (4)    Ordering that a Certificate of Appealability be denied.

13  Dated this 30th day of June, 2010.

14                                            /s/

15                               Fernando M. Olguin
                    United States Magistrate Judge

16

17                                          **<u>NOTICE</u>**

18        Reports and Recommendations are not appealable to the Court of Appeals, but may be

19  subject to the right of any party to file objections as provided in the Local Rules Governing the

20  Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket

21  number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed

22  until entry of the judgment of the District Court.

23

24

25

26

27

28